UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ZIXIN YAN (A70 700 292),
On behalf of YONGSHI YAN and YONGMEI YAN,

                      Plaintiff,

          - against -

JEFFERSON B. SESSIONS III,
Attorney General of the United States,

KIRSTJEN M. NIELSEN,
Secretary of U.S. Department of Homeland Security,
and

THOMAS CIOPPA,[1]
District Director of USCIS New York
Queens Field Office,

                 Defendants.
-------------------------------------------------------------------x

**MEMORANDUM & ORDER**
15-CV-04777 (PKC)

PAMELA K. CHEN, United States District Judge:

Before the Court is Plaintiff Zixin Yan's motion to vacate the judgment dated October 26, 2015 pursuant to Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6). For the reasons stated below, the Court denies Plaintiff's request.

## BACKGROUND

Plaintiff filed this action in August 2015 seeking a writ of mandamus against the then-Attorney General of the United States, Secretary of the United States Department of Homeland Security ("DHS"), and District Director of the United States Citizenship and Immigration Services

---

[1] Jefferson B. Sessions III became Attorney General of the United States on February 9, 2017; Kirstjen M. Nielsen became Secretary of the U.S. Department of Homeland Security on December 6, 2017; and Thomas Cioppa became District Director of United States Citizenship and Immigration Services, New York Queens Field Office as of October 14, 2017. Pursuant to Federal Rule of Civil Procedure 25(d), Jefferson B. Sessions III, Kirstjen M. Nielsen, and Thomas Cioppa are all substituted as Defendants in this lawsuit.

for New York ("USCIS"), a department of DHS (collectively, "Defendants"), compelling them to adjudicate two I-824 visa applications that Plaintiff filed in April 2004 on behalf of his children. (Complaint ("Compl."), Dkt. 1.) By order dated October 26, 2015 ("Dismissal Order"), the Court dismissed the action as moot because, by then, Defendants had approved Plaintiff's children's applications and submitted the approved applications to the Department of State's National Visa Center ("NVC"). (*See* Dkts. 6, 10.)

Plaintiff filed his first motion to vacate the judgment on February 2, 2016, arguing that his petition in this Court for a writ of mandamus was not "moot" because, at that time, the NVC had not yet processed his children's visa applications after receiving their approved I-824 applications from Defendants. (First Motion to Vacate (hereinafter "First Motion"), Dkt. 8.) Plaintiff's First Motion was denied by the Court on June 2, 2016. (Dkt. 11.) Thereafter, on April 27, 2017, an officer in the U.S. Consulate in Guangzhou, China, denied the visa application for one of Plaintiff's children, Mr. Yongshi Yan. (Second Motion to Vacate (hereinafter "Second Motion"), Dkt. 12 ¶ 13.) According to Plaintiff, the consular officer denied Yongshi Yan's visa application because, by the time Yongshi Yan had received a visa interview, he had "aged out" of the visa classification that Plaintiff sought for him in the visa applications underlying this federal court action. (*Id.* ¶¶ 13-14.)

On May 22, 2017, Plaintiff filed his Second Motion. Plaintiff alleges that because Defendants' delay in adjudicating Yongshi Yan's I-824 application caused him to "age out" of the visa classification Plaintiff sought for him, the Court should vacate the judgment to re-open this action and allow Plaintiff to challenge the NVC's denial of Plaintiff's visa application for Yongshi Yan. (*Id.* ¶¶ 13-17.)

2

# LEGAL STANDARD

Under Federal Rule of Civil Procedure 60, a party may seek relief from a final judgment on the following six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

# DISCUSSION

Plaintiff moves to vacate the judgment under Rule 60(b)(1) and 60(b)(6). (Dkt. 12.) The Court addresses each of these grounds in turn.

### A. Plaintiff's Motion under Rule 60(b)(1) Is Untimely.

Rule 60(b)(1) motions must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "This limitations period is 'absolute[.]'" *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (citing 12 James Wm. Moore, *Moore's Federal Practice* § 60.65[2][a], at 60–200 (3d ed. 1997)). Plaintiff's Second Motion was filed approximately 19 months after the Court's entry of judgment, *i.e.*, the Dismissal Order, on October 26, 2015, well after the close of the one-year window to move for relief under Rule 60(b)(1).

To the extent Plaintiff argues that the one-year limitation period under Rule 60(b)(1) should commence from the date of the Court's June 2, 2016 order denying Plaintiff's first motion to vacate the judgment, the Court rejects that argument. The limitation period under Rule 60(b)(1) runs from the date on which the final judgment was entered by the district court, and is not tolled by a subsequent order by the same district court concerning the prior judgment, unless, "in its second order, [the district court] has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." *Fed. Trade Comm'n v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 212 (1952). Here, the parties' "legal rights and obligations" were not altered by the Court's June 2, 2016 order denying Plaintiff's First Motion. *See Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc.*, 466 F.3d 97, 101 (2d Cir. 2006) (finding motion for relief from judgment under Rule 60(b)(2) and 60(b)(3) untimely because the limitations period was not tolled as a result of the Second Circuit's order affirming the judgment where that order "made no substantive change in [the parties'] legal position from that established by the judgment of the district court").[2] The Court's order denying Plaintiff's first motion to vacate did not substantively change the legal rights or obligations of the parties and, therefore, the limitations period began running on October 26,

---

[2] While the Second Circuit's decision in *Martha Graham Sch.* deals with appeals from final orders followed by motions to reconsider, rather than two consecutive Rule 60 motions as in the present case, the underlying justification for running the clock from the Court's initial order remains the same. Because the judgment in this case was not altered in any way between October 26, 2015 and the Court's denial of Plaintiff's First Motion, there is no basis on which to toll the limitations period. Similarly, courts have held that "successive Rule 60 motions [do] not extend the time to appeal the dismissal[.]" *Williams v. Edgeton*, 53 F.3d 334, 334 (7th Cir. 1995); *see also Charles L.M. v. Ne. Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989); *United States v. $670,706.55 (Six Hundred Seventy Thousand Seven Hundred Six Dollars & Fifty Five Cents)*, 367 F. App'x 532, 534 (5th Cir. 2010).

2015 and expired on October 26, 2016, more than six months before Plaintiff filed the instant motion.

The Court also finds that Plaintiff has not pleaded circumstances that warrant equitable tolling. "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003), *as amended* (July 29, 2003) (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)). Plaintiff does not address the untimeliness of his motion and fails to allege any extraordinary circumstances that would warrant equitable tolling. Plaintiff's motion under Rule 60(b)(1) must therefore be denied.

### B. Plaintiff's Motion Under Rule 60(b)(6) Is Also Denied.

Rule 60(b)(6) permits a court to vacate a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60. This "catch-all provision" allows courts to vacate judgments "whenever necessary to accomplish justice," *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citing *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988)), "or where the judgment may work an extreme and undue hardship," *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986). Plaintiff alleges that Defendants' 14-year delay in processing the I-824 applications resulted in the denial of his son's visa by the NVC, a division within the Department of State. (Dkt. 12.) In other words, Plaintiff seeks through the instant motion to reopen this federal action, brought against DHS and related Defendants (not including the Department of State), in order to challenge the NVC's denial of his son's visa. (*Id.*)

The Court finds that Plaintiff has not established that the judgment in this case "work[s] an extreme and undue hardship" on Plaintiff or that vacatur of the judgment is "necessary to accomplish justice." Plaintiff alleges hardship stemming from the NVC's denial of his son's visa application, which Plaintiff asserts was the result of Defendants' undue delay in processing his son's I-824 application. However, Plaintiff cannot fairly argue that his alleged hardship is the result of the Court's judgment dismissing his federal action as moot. By the time this Court entered the judgment dismissing this action, Defendants had already processed Plaintiff's son's I-824 application. Further, the judgment had no effect on the NVC's subsequent decision to deny his son's visa application. Moreover, the judgment has no practical effect on Plaintiff's son's visa application going forward, because the judgment was narrowly directed to the termination of Plaintiff's action in this court seeking a writ of mandamus ordering Defendants to adjudicate his son's I-824 application, which they have already done. In short, the judgment in this case has not, and will not, "work an extreme and undue hardship" on Plaintiff. *Matarese*, 801 F.2d at 106.

The Court also finds that vacatur of the judgment is not necessary to accomplish justice within the meaning of 60(b)(6). Plaintiff's motion makes clear that the remedy he seeks through his motion is the judicial review and reversal of the NVC's denial of his son's visa application. But vacatur of the judgment in this action would neither be necessary nor helpful to Plaintiff in pursuing that remedy. Even assuming there were a judicial remedy for the NVC's denial of Plaintiff's son's visa application, a vacatur of the judgment in this action is

6

not required for Plaintiff to pursue that remedy.[3] To the extent such a remedy could be obtained, Plaintiff does not need relief from the judgment in this case to pursue it.[4]

In addition, a vacatur of the judgment is not necessary to achieve justice because this Court does not have the power to grant the remedy that Plaintiff now seeks. Even if the Court were to vacate the Dismissal Order and allow Plaintiff to file an amended complaint adding the Department of State as a defendant, the Court would be unable to grant Plaintiff relief from the NVC's decision to deny his son's visa application. Although a district court has authority under 28 U.S.C. § 1361 to compel DHS, in certain circumstances, to adjudicate an I-824 visa application, the Court has no jurisdiction to review the NVC's subsequent denial of such an application. *See Xian Yong Zeng*

---

[3] There is no indication, for example, that *res judicata* or any other doctrine of preclusion would prevent Plaintiff from seeking such a remedy in a subsequent lawsuit. As explained below, however, any such action would also be futile because the NVC's denial of Plaintiff's son's visa application is not subject to judicial review.

[4] Plaintiff argues that under Federal Rule of Civil Procedure 60(d)(1) this "Court is also empowered to entertain an independent action to relieve a party from a judgment, order or proceeding." (Dkt. 16 at 1.) Plaintiff misconstrues Rule 60(d)(1). The "independent action" referenced in Rule 60(d)(1) refers to a writ used prior to the enactment of the Federal Rules of Procedure known as "the original action" or the "independent action." *United States v. Beggerly*, 524 U.S. 38, 45 (1998). There has long "existed . . . a rule of equity to the effect that under certain circumstances, one of which is after-discovered fraud, relief will be granted against judgments regardless of the term of their entry." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944). The Supreme Court explained that after Rule 60 was amended in 1946, all old forms of relief from final judgments, except the independent action, were abolished. *Beggerly*, 524 U.S. at 45. While the independent action writ remains, it is "reserved for those cases of injustices which . . . are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of *res judicata*." *Id.* at 46 (internal quotation marks and citation omitted). Claims that have met this high standard almost universally involve forgery and other sorts of fraud. *Compare Marshall v. Holmes*, 141 U.S. 589 (1891) (vacating a judgment where the letter used in the original suit was alleged to be forged) and *Hazel-Atlas Glass Co.*, 322 U.S. at 245 (setting aside "fraudulently begotten judgments" based on a "deliberately planned and carefully executed scheme to defraud" both the court and a federal agency) *with Beggerly*, 524 U.S. at 45-46 (denying independent action based on allegation that Government failed "to furnish relevant information"). Because Plaintiff's allegations do not indicate a "grave miscarriage of justice", *id.* at 47, and because Plaintiff's cause of action would be futile, *see infra*, this Court rejects any claim brought under Rule 60(d)(1).

*on behalf of Tie Liu v. Kerry*, No. 16 CIV. 6996 (AMD), 2017 WL 3085864, at *3 (E.D.N.Y. July 19, 2017) (district court lacked subject matter jurisdiction in 28 U.S.C. § 1361 action to consider Plaintiff's challenge to the consulate's rejection of the visa application). Indeed, under the doctrine of consular nonreviewability, there is "no jurisdictional basis" to review the suspension or denial of "the issuance of immigration visas." *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978); *see also id.* ("It is settled that the judiciary will not interfere with the visa-issuing process.").[5]

---

[5] The Administrative Procedure Act ("APA"), which Plaintiff alleges the NVC violated in his original Complaint (Compl. ¶ 6), creates standards of judicial review to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C § 706(1); *see also Brock v. Pierce Cty.,* 476 U.S. 253, 260 (1986) (holding that the APA permits district courts to compel agency action); *Bustamante v. Napolitano*, 582 F.3d 403, 409 (2d Cir. 2009). However, the APA does not "afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action[,]" *Califano v. Sanders,* 430 U.S. 99, 107 (1977), and "does not provide a 'federal question' basis for jurisdiction for this court to review USCIS's denial of plaintiff's petitions", *Ngassam v. Chertoff*, 590 F. Supp. 2d 461, 465 (S.D.N.Y. 2008); *see also Morales v. Goldbeck*, No. 12-CV-2350, 2013 WL 937825, at *4 (E.D.N.Y. Mar. 11, 2013); *Yu Chu Hom v. Goldbeck,* 2010 WL 2265054, at *2, *4 (E.D.N.Y. May 28, 2010).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's second motion to vacate the Court's October 26, 2015 judgment is denied.

SO ORDERED.

*/s/ Pamela K. Chen*

Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
       March 20, 2018